OLSZEWSKI, Judge,
concurring:
I concur in the majority’s disposition of this case. I write separately only to emphasize the unique factual posture presented which gives rise to the inference of possible malice necessary to allow the causes of action against an attorney for wrongful use of civil process and interference with a prospective contractual relationship to proceed.
Attorneys, by the nature of their profession, are more susceptible to claims of wrongful use of civil process because they are intimately involved with the majority of litigation which occurs. In recognition of this, the drafters of the Restatement included Comment (d) which provides as follows:
“An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is *312 not liable if he has probable cause for his actions; and even if he has no probable cause and is convinced that his client’s claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See § 676). An attorney is not required or expected to prejudge his client’s claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.
If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person.”
RESTATEMENT (SECOND) TORTS § 674, Comment (d). Thus, recognition that litigation is the business of attorneys offers a modicum of protection from these types of actions.
This recognition, however, does not offer absolute immunity from a suit based upon wrongful use of civil process. An attorney who misuses the courts to harass another can be liable. Stradley, Ronon argues here that they acted primarily to obtain a proper adjudication of D’Ambro’s claim. This may be true and is not being decided today. The precise issue today is whether the facts, as pled, give rise to a reasonable inference that Stradley, Ronon misused civil process and interfered with a prospective contractual relationship. Creeger Brick v. Mid-State Bank, 385 Pa.Super. 30, 32-33, 560 A.2d 151, 152 (1989). Thus, a careful examination of the facts pled is necessary.
In the case sub judice, Stradley, Ronon filed an action in state court on behalf of their client, D’Ambro, for specific performance of the sales agreement, or, alternatively for monetary damages. That action was also listed as a lis *313 pendens. I would agree with Stradley, Ronon that if this were all that were pled, no cause of action would be stated. No matter how invalid his claim, D’Ambro was entitled to order his attorneys to file the action. The allegations do not end there, however. The pleadings further allege that Stradley, Ronon voluntarily withdrew the state court action after a hearing had been scheduled on the matter; then filed an identical suit in federal court and caused that second action to listed as a lis pendens. Plaintiffs amended complaint, paragraphs 20-27. It is this withdrawal of the state court action, which effectively avoided a hearing on its merits, and the subsequent filing of an identical federal action, which gives rise to a reasonable inference that Stradley, Ronon acted to harass Kelly-Springfield by bringing a claim known to be invalid. The same inference of improper intent supports the cause of action for interference with a prospective contractual relationship.
It may be that Stradley, Ronon was acting primarily to obtain a proper adjudication of D’Ambro’s claim throughout the course of conduct which gave rise to this suit. It is possible that further discovery may indicate that no cause of action lies in this matter, or that the evidence presented will not prove the necessary malice, or that the finder of fact will not draw the inference as outlined above. At this point in the proceedings, however, Stradley, Ronon has admitted all the well-pled facts and Kelly-Springfield is entitled to the benefit of that inference.